FILED

AT ALBUQUERQUE NM

AUG 2 3 1999

ROBERT M. MARCH
CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

BRUCE E. VOID-EL,

      Plaintiff,

v.                    No. CIV-99-0824 BB/DJS

WARDEN DONALD A. DORSEY,
JIMMY TURNER,
GOVERNMENT OF THE DISTRICT OF COLUMBIA,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action...is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint names an Ohio prison warden and the Government of the District of



Columbia, in addition to the warden of the Torrance County, New Mexico, Detention Facility. Plaintiff, a District of Columbia prisoner who was transferred to the Torrance County facility, alleges he has been kept in lockdown since his transfer. Plaintiff further alleges that the facility does not provide adequate access to legal materials. As a result, he claims his rights under the Eighth and Fourteenth Amendments have been violated. The complaint seeks damages.

First, this Court has no personal jurisdiction over the nonresident Defendants Turner and Government of the District of Columbia. Nothing in the complaint indicates any connection between these Defendants and the State of New Mexico such that *in personam* jurisdiction could be properly exercised, *Stein v. New York Police Dep't*, No. 95-6141, 1996 WL 32135, at **1 (10th Cir. Jan. 29, 1996); *cf. Far West Capital, Inc., v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995) (diversity action), although, presumably, these Defendants could consent to this Court's jurisdiction. Nor is venue of these claims proper in this district. 28 U.S.C. § 1391(b); *see Flanagan v. Shively*, 783 F. Supp. 922, 935 (M.D. Pa.), *aff'd*, 980 F.2d 722 (3d Cir. 1992), *cert. denied*, 510 U.S. 829 (1993); *Robinson v. Love*, 155 F.R.D. 535, 536 n.1 (E.D. Pa. 1994). Claims against Defendants Turner and Government of the District of Columbia will be dismissed without prejudice.

Second, no relief can be granted on Plaintiff's Eighth Amendment claim. Even though placement in administrative segregation may not implicate the Due Process Clause, "prisoners may still challenge the conditions of confinement under the...Eighth Amendment[]." *Hill v. Colo. Dep't of Corrections*, No. 95-1220, 1995 WL 758925, at **3 n.3 (10th Cir. Dec. 26, 1995) (citing *Sandin v. Conner*, 515 U.S. 472, 487 n.11. (1995)). Here, Plaintiff only complains of the fact that he was segregated in New Mexico for approximately three months, but he does not allege that the length or conditions of segregation deprived him of "the minimal civilized measure of life's necessities,"

*Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)), or that Defendant's conduct constituted "unnecessary and wanton infliction of pain." *Rhodes*, 452 U.S. at 347. Plaintiff's Eighth Amendment claim will be dismissed.

Third, Plaintiff's claim for inadequate access to legal materials or assistance requires that he "establish relevant actual injury," *Lewis v. Casey*, 518 U.S. 343, 351 (1996), resulting from officials' actively interfering with his attempts to prepare and file legal documents. *Id.* at 350. The Supreme Court's "main concern here is 'protecting the ability of an inmate to prepare a petition or complaint.'" *Bounds v. Smith*, 430 U.S. 817, 828 n.17 (1977) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974)). Plaintiff's § 1983 action may not be based on claims of an "abstract, free-standing right to a law library or legal assistance,... [or] that his prison's law library or legal assistance program is sub-par in some theoretical sense." *Lewis*, 518 U.S. at 351. Here, Plaintiff only alleges that he cannot obtain certain law books from officials in New Mexico and that inmate legal assistants are not trained in the law of the District of Columbia. Because the Constitution does not ensure the access requested by Plaintiff, and because Plaintiff does not allege active interference with his preparation and filing of papers, no relief can be granted on his claim. The complaint will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's complaint be DISMISSED; an order of dismissal shall be entered in accordance with this opinion.

UNITED STATES DISTRICT JUDGE